**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| LEIGH SCHLUMPER | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **CIVIL ACTION FILE** |
| TIM HIGGINS, TIM LASSETTER, and | ) **NO. 3:08-CV-021-JTC** |
| COWETA COUNTY, GEORGIA, | ) |
| | ) |
| **Defendants.** | ) |

**ANSWER OF DEFENDANTS
COWETA COUNTY, GEORGIA, TIM HIGGINS AND TIM LASSETTER**

COME NOW, Coweta County, Georgia, Tim Higgins and Tim Lassetter, the

Defendants, and file this, their Answer to Plaintiff's Complaint, and respectfully show

the following:

**FIRST DEFENSE**

Plaintiff's Complaint and each of its causes of action fail to state a claim upon

which relief can be granted.

**SECOND DEFENSE**

This Court lacks subject matter jurisdiction over some or all of Plaintiff's

claims.

## THIRD DEFENSE

This Court should decline to assume supplemental jurisdiction over any state law claims which may have been asserted in Plaintiff's Complaint because Plaintiff's state law claims would predominate Plaintiff's predicate federal law claims.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including the failure to file this lawsuit within the time period required by the applicable statute.

## FIFTH DEFENSE

Even if any adverse actions were taken against the Plaintiff for reasons related to Plaintiff's protected class status or any exercise by Plaintiff of protected rights, Plaintiff would have been subject to adverse actions for reasons unrelated to any protected class status or activities, including after-acquired evidence.

## SIXTH DEFENSE

Any adverse action taken against Plaintiff was done so in good faith without malice or reckless indifference to Plaintiff's protected rights.

## SEVENTH DEFENSE

Defendants are immune from some or all of Plaintiff's claims.

## EIGHTH DEFENSE

Plaintiff's state law claims are barred by the doctrine of sovereign immunity.

## NINTH DEFENSE

Plaintiff's state law claims are barred by the doctrine of official immunity.

## TENTH DEFENSE

Plaintiff's state law claims are barred by the doctrine of qualified immunity.

## ELEVENTH DEFENSE

Defendants are immune from some or all of Plaintiff's claims pursuant to the doctrine of legislative immunity.

## TWELFTH DEFENSE

Plaintiff's state law claims are barred by the doctrine of governmental and/or discretionary immunity.

## THIRTEENTH DEFENSE

Defendants Lassetter and Higgins are immune from some or all of Plaintiff's state law claims pursuant to O.C.G.A. § 51-1-20, which provides, in part, immunity to any person serving on a local government board, authority or entity for any act or omission to act.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate damages as required by law.

## FIFTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive damages. Defendant Coweta County is immune from liability for punitive damages.

## SIXTEENTH DEFENSE

As to Plaintiff's state law claims, to the extent Plaintiff seeks punitive damages against Defendants, such punitive damages are limited to a maximum of $250,000. O.C.G.A. § 51-12-5.1(g).

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of absolute and qualified privilege provided by law and as provided for by O.C.G.A. § 51-5-7.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of truth and by justification provided for by law and by O.C.G.A. § 51-5-6.

## NENETEENTH DEFENSE

Plaintiff's Complaint alleges communications that, if made, are privileged by O.C.G.A. § 51-5-7(1) for the reason that such communications were statements made in the good faith performance of a public duty.

## TWENTIETH DEFENSE

Plaintiff's Complaint alleges communications that, if made, are privileged by

O.C.G.A. § 51-5-7(2) for the reason that such communications were statements made in good faith in the performance of a legal or moral private duty.

### TWENTY-FIRST DEFENSE

Plaintiff's Complaint alleges communications that, if made, are privileged by O.C.G.A. § 51-5-7(3) for the reason that such communications were statements made with a good faith intent on the part of the speaker to protect his interest in a matter in which he is concerned.

### TWENTY-SECOND DEFENSE

Plaintiff's Complaint alleges communications that, if made, are privileged by O.C.G.A. 51-5-7(9) for the reason that such communications were comments upon acts of a public official in her public capacity with reference thereto.

### TWENTY-THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of consent, estoppel, fraud and/or illegality.

### TWENTY-FOURTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive, actual, special, exemplary, liquidated, and/or compensatory damages.

### TWENTY-FIFTH DEFENSE

Plaintiff has unclean hands.

## TWENTY-SIXTH DEFENSE

The Defendants reserve the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

## TWENTY-SEVENTH DEFENSE

For answer to the respective paragraphs of the Complaint, these Defendants show as follows:

## INTRODUCTION

1.

Defendants admit that Plaintiff attempts to plead a claim for gender discrimination pursuant to the Equal Protection Clause of the Fourteenth Amendment as enforced through 42 U.S.C. § 1983 and deny the remaining allegations alleged in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.

Defendants admit that Plaintiff seeks to invoke jurisdiction and venue and deny the remaining allegations pled in paragraph 2 of the Complaint.

## PARTIES

3.

Defendants admit that Plaintiff served on the Coweta County Board of Commissioners through 2008 and deny the remaining allegations pled in paragraph 3 of the Complaint.

4.

Defendants deny the first sentence of paragraph 4 of the Complaint, admit that the County may be served by personal service upon the Chairman of the Board of Commissioners and deny the remaining allegations pled in said paragraph.

5.

Defendants admit that Plaintiff was served by personal service at 22 Broad Street, Newnan, Georgia 30263 and deny the remaining allegations pled in paragraph 5 of the Complaint.

6.

Defendants admit that Defendant Lassetter is a current Coweta County Commissioner and that Defendant Lassetter was served by personal service at 22 Broad Street, Newnan, Georgia 30263.   Defendants deny the remaining allegations pled in paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

### 7.

Defendants admit that the Board of Commissioners is elected, has 5 members and deny the remaining allegations pled in paragraph 7 of the Complaint.

### 8.

Defendants deny the allegations pled in paragraph 8 of the Complaint.

### 9.

Defendants show that the content of the referenced ordinance speaks for itself and deny the remaining allegations pled in paragraph 9 of the Complaint.

### 10.

Defendants show that the content of the referenced resolution speaks for itself and deny the remaining allegations pled in paragraph 10 of the Complaint.

### 11.

Defendants admit that the Chairman of the Commission receives approximately $2,000 more per year in compensation than other Commissioners and deny the remaining allegations pled in paragraph 11 of the Complaint.

### 12.

Defendants are without knowledge or information sufficient to admit or deny the allegations pled in paragraph 12 of the Complaint.

13.

Defendants admit that Plaintiff was elected to the Coweta County Commission in January 2000 and deny the remaining allegations pled in paragraph 13 of the Complaint.

14.

Defendants admit that Plaintiff served as Chairperson of the Board of Commissioners in 2003 and deny the remaining allegations pled in paragraph 14 of the Complaint.

15.

Defendants admit that Paul Poole, Randolph Collins, Defendant Lassetter and Defendant Higgins were elected to the County's Board of Commissioners following Plaintiff's service as Chairperson in 2003.

16.

Defendants deny each and every allegation pled in paragraph 16 of the Complaint.

17.

Defendants deny the allegations pled in paragraph 17 of the Complaint.

18.

Defendants deny the allegations pled in paragraph 18 of the Complaint.

19.

Defendants deny the allegations pled in paragraph 19 of the Complaint.

20.

Defendants admit that Commissioner Higgins was re-elected as Chairperson for 2008 by a vote of 3-1 and deny the remaining allegations pled in paragraph 20 of the Complaint.

21.

Defendants deny the allegations pled in paragraph 21 of the Complaint.

22.

Defendants deny the allegations pled in paragraph 22 of the Complaint.

23.

Defendants admit that Jay Jones was selected as Deputy Chief and deny the remaining allegations pled in paragraph 23 of the Complaint.

24.

Defendants are without knowledge or information sufficient to admit or deny the allegations pled in paragraph 24 of the Complaint.

25.

Defendants deny the allegations pled in paragraph 25 of the Complaint.

26.

Defendants are without knowledge sufficient to admit or deny the allegations pled in paragraph 26 of the Complaint.

27.

Defendants deny the allegations pled in paragraph 27 of the Complaint.

28.

Defendants deny the allegations pled in paragraph 28 of the Complaint.

29.

Defendants deny the allegations pled in paragraph 29 of the Complaint.

30.

Defendants deny the allegations pled in paragraph 30 of the Complaint.

31.

Defendants deny the allegations pled in paragraph 31 of the Complaint.

32.

Defendants are without knowledge or information sufficient to admit or deny the allegations pled in paragraph 32 of the Complaint.

# COUNT I

## Equal Protection Claim Under Section 1983

### 33.

Defendants incorporate by reference their responses to paragraphs 1 through 32 of the Complaint as though set forth specifically herein.

### 34.

Defendants admit that Plaintiff seeks to plead a claim against Coweta County on the basis of equal protection.  Defendants show that the Court dismissed this Count against Defendant Lassetter on March 16, 2009, and deny the allegations pled in paragraph 34 of the Complaint.

### 35.

Defendants deny the allegations pled in paragraph 35 of the Complaint.

### 36.

Defendants deny the allegations pled in paragraph 36 of the Complaint.

### 37.

Defendants show that the United States Constitution speaks for itself and deny the remaining allegations pled in paragraph 37 of the Complaint.

### 38.

Defendants deny the allegations pled in paragraph 38 of the Complaint.

39.

Defendants deny the allegations pled in paragraph 39 of the Complaint.

40.

Defendants deny the allegations pled in paragraph 40 of the Complaint.

## COUNT II

## Libel and Slander

41.

Defendants incorporate by reference their responses to paragraphs 1 through 40 of the Complaint as though set forth specifically herein.

42.

Defendants admit that Plaintiff attempts to assert a claim for libel and slander against Defendants Lassetter and Higgins and deny the remaining allegations pled in paragraph 42 of the Complaint.

43.

Defendants deny the allegations pled in paragraph 43 of the Complaint.

44.

Defendants deny the allegations pled in paragraph 44 of the Complaint.

45.

Defendants deny the allegations pled in paragraph 45 of the Complaint.

46.

Defendants deny the allegations pled in paragraph 46 of the Complaint.

47.

Defendants deny that Plaintiff is entitled to any of the relief set forth in her Requests in Sections A-I of the Complaint.

48.

Any allegations in the Complaint not heretofore answered, qualified or denied are denied as though set forth specifically and denied.

**WHEREFORE,** the Defendants in the above-referenced civil action respectfully request that this Court:

1.    Dismiss with prejudice Plaintiff's Complaint;

2.    Award Defendants their reasonable attorney's fees, costs, and expenses pursuant to applicable law; and

3.    Award any and all other relief to Defendants that this Court may deem necessary and proper.

## LR 5.1 CERTIFICATION:

This document has been prepared in compliance with Local Rule 5.1 (Times New Roman (14 point)).

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

/s/Benton J. Mathis, Jr.
Benton J. Mathis, Jr.
Georgia Bar No. 477019
Kelly E. Morrison
Georgia Bar No. 558153

Counsel for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T: 770.818.0000
F: 770.937.9960
bmathis@fmglaw.com
kmorrison@fmglaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| **LEIGH SCHLUMPER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )   **CIVIL ACTION FILE** |
| **TIM HIGGINS, TIM LASSETTER, and** | )   **NO. 3:08-CV-021-JTC** |
| **COWETA COUNTY, GEORGIA,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that I have this day electronically submitted the foregoing **ANSWER** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class postage prepaid, a paper copy of the same document to counsel of record who are non-CM/ECF participants.  Counsel of record are:

A. Lee Parks, Esq.
Andrew Y. Coffman, Esq.
Parks, Chesin & Walbert, P.C.
75 14th Street, N.E., Suite 2600
Atlanta, Georgia  30309

[CONTINUED ON FOLLOWING PAGE]

This 30th day of March, 2009.

/s/ Benton J. Mathis, Jr.
Benton J. Mathis, Jr.
Georgia Bar No. 477019

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T: 770.818.0000
F: 770.937.9960
bmathis@fmglaw.com