IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| LEIGH SCHLUMPER, | : |
| | :  Civil Action File No. |
| | :  3:08-CV-021-JTC |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| TIM LASSETTER, et al., | : |
| | : |
| Defendants. | : |

**CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER**

To facilitate the efficient and orderly production of documents, to preserve and maintain the confidentiality of certain documents and information to be produced by the parties to this case, and to adequately protect the confidentiality of documents produced, the Court, for good cause shown, hereby enters this Confidentiality Agreement and Stipulated Protective Order. It is, therefore,

ORDERED, that pursuant to Rule 26 *et seq.*, Federal Rules of Civil Procedure, the following shall govern the disclosure of confidential information in this action:

1. The hearing of this action may require the discovery of certain healthcare related information or business records and other materials that contain

confidential information belonging to the parties to this proceeding (the "Parties"). For purposes of this Order, "Confidential" information and any materials derived therefrom, including but not limited to copies, extracts, summaries, and notes, shall mean information that: (a) constitutes private healthcare related information; (b) constitutes a trade secret or reveals confidential research, development, business, financial or commercial information; (c) is subject to any protective order, sealing order, or ruling that prevents or limits a litigant from disclosing such material; (d) is not appropriate for public disclosure because of contractual rights of either of the Parties or any third-party; or (e) is otherwise protected under federal law, state law or any other applicable rule, statute or common law. Such Confidential material may be in the form of documents, writings, things, testimony, discovery responses, affidavits, or any other form of tangible information. Confidential information shall not include information that the Producing Party (as defined herein) has voluntarily disclosed in the public domain.

2. The designation of documents as "Confidential" shall be made by affixing the legend "Confidential" on the first page of any single or multi-page bound document in order for the entire document to be treated as Confidential information.

3. Any material or information designated as "Confidential" and all materials derived therefrom shall not be disclosed to anyone other than: (a) the Plaintiff; (b) Defendants Lassetter and Higgins; (c) a single representative of Defendant Coweta County; (d) counsel of record for the Parties; (e) expert witnesses for either of the Parties; (f) an independent consultant or third-party litigation support vendor engaged in connection with this Proceeding; (g) duly authorized Court reporters or videographers transcribing or recording depositions or hearings in this Proceeding; (h) the Court and court staff; and (i) such other persons as hereafter may be agreed upon in writing or on the record among counsel for the parties. The designated "counsel of record" shall include the members of the respective law firms representing the Parties, including in-house counsel, and their employed associates, paralegals, clerks, and secretaries who are working on the case.

4. Depositions or portions thereof that contain or make reference to Confidential information may be designated as Confidential by either party upon oral notice on the record or in writing within fifteen (15) days of receipt of the transcript. Any transcript or portions thereof not designated Confidential on the record shall be treated as Confidential material until the expiration of twenty (20) days following receipt of the transcript. Any designation of Confidential

information shall be made by specific reference to the page and line number of the transcript and to any exhibits to the deposition.

5. Before disclosure of Confidential documents, materials or information to any expert or consultant/vendor, the expert or consultant/vendor shall execute and deliver to the attorney of record who has retained such expert or consultant/vendor, a written instrument in the form attached as Exhibit "A-1" agreeing not to disclose any Confidential documents, materials, and information, and to be bound by the terms of this Order.

6. If any Producing Party produces information without designating it as Confidential but later determines that it should receive such a designation, the Producing Party shall have the right to designate such information as Confidential at any time in any manner provided that such information is not already in the public record, and other parties must follow the procedures described below for challenging such a designation. Upon such a designation, any receiving party shall ensure that only persons described in paragraph 3 shall have access to such material.

7. Any information designated as Confidential shall be used only for purposes of this litigation, and specifically shall not be used or referred to, directly or indirectly, (a) for any business or competitive purpose, (b) for

publicity, (c) in any advertising, or (d) in any material disseminated to any person not authorized to receive Confidential material under the terms as set forth herein. Each person to whom the disclosure of any Confidential material is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

8. In addition to the general treatment of Confidential documents, the parties anticipate that Plaintiff may produce certain medical information that is private, highly personal, and would be likely to cause embarrassment should it become generally known to the public. As a result, the Parties agree that they shall exercise extreme care to ensure that Plaintiff's medical records are not disclosed beyond those persons who are parties to this case. In furtherance of this agreement, the parties also agree that Defendants shall not discuss with or disclose to anyone other than their attorneys in the case, the content of Plaintiff's medical records. All copies of any such records will be accounted for and maintained separately from other documents in the case. All copies of medical records must be logged so that all copies or summaries can be destroyed at the conclusion of the case. Medical records shall not be filed with the Court and shall not become a part of the public record of this case until the time of trial, to the extent such records are relevant to any claim or defense in the case. The parties

agree that they shall not serve as a confidential source and hereby waive any right to remain anonymous in the event they are the source of information provided to the media or otherwise seek to publicize or assist any other person or entity in publicizing Plaintiff's personal medical records or the existence of any medical condition. In the event Plaintiff's medical records or condition(s) become known to the media or become public as a result of their production in this case, the parties agree to cooperate with one another to the greatest extent possible in determining the source of the disclosure, including executing any written requests for information or acknowledging waiver of their confidential status, if necessary.

9. If upon review any Party reasonably and in good faith believes that the documents, information, or material produced by a Producing Party should not be designated as Confidential, the Party may challenge this designation by notifying the Producing Party in writing of the objection(s) and the reason(s) therefor. Any objection which is unable to be resolved by the Parties within ten (10) working days of the receipt of the objection may be raised with the Court by the Party challenging the confidentiality designation. Pending the determination by the Court, the document or information shall retain its protected status.

10. Nothing in this Order shall restrict a Producing Party's ability to produce, manage, or disseminate its own documents or information.

11. Unless another procedure is agreed to by the parties or specified by the Court to protect the confidentiality of Confidential information, each document that is filed with the Court that contains Confidential information shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are confidential and subject to a Protective Order for confidentiality and that the envelope is not to be opened nor the confidential contents thereof revealed except to counsel of record in the case or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as "Confidential."

12. In the case of inadvertent production of documents or material subject to claims of the attorney-client privilege, the joint defense or common interest privilege, or the work product doctrine ("Privileged Material"), upon request of the Producing Party, the Privileged Material together with all copies thereof, shall be returned to the Producing Party within seven days of receiving notice of the inadvertent production. The Producing Parties shall not be deemed to have waived any claim of privilege and/or work product in any jurisdiction or proceeding as a result of inadvertent production. Rather, any such waiver must be express and intentional. The production or copying of any document or

documents that concern a particular subject matter by any Producing Party shall not constitute a waiver with respect to any privileges or work product claims potentially applicable to any other documents or other information pertaining or relating to the same or similar subject matter. Any Party that receives a document that reasonably appears to be inadvertently produced and subject to claims of protection pursuant to the attorney-client privilege, the joint defense or common interest privilege, or the work product doctrine, shall immediately seal the document from disclosure and notify the Producing Party.

13. Nothing herein shall preclude the Parties from raising any available objection, or seeking any available protection with respect to any Confidential documents or information, including but not limited to, the grounds of the admissibility of the evidence, materiality, trial preparation materials, and privilege.

14. Any Party or Producing Party may move the Court to modify or grant relief from any provision of this Order, or request the Court for additional relief. This Order also may be modified or amended by the Parties by subsequent agreement approved by the Court.

15. At the conclusion of this Proceeding, all provisions of this Order restricting the communication or use of Confidential documents and information

shall continue to be binding, unless otherwise agreed in writing by the Parties hereto or ordered by the Court. In addition, all materials designated as Confidential and all copies of such materials, shall be returned promptly to the Producing Party upon request through its attorneys of record at the conclusion of this Proceeding, or, alternatively, upon request, the Receiving Party may supervise and certify the destruction of such material; provided, however, that counsel for each Party may retain one copy of the case pleadings, filings, discovery, and correspondence for their files.

16. Neither the termination of this action nor the termination of the employment, engagement, or agency of any person who had access to any Confidential information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of any Confidential material disclosed pursuant to this Protective Order.

17. This Confidentiality Agreement and Stipulated Protective Order is presented to the Court for entry in the above-captioned matter. This Confidentiality Agreement and Stipulated Protective Order also shall serve as a stipulation and agreement between the Parties, and shall be effective immediately upon signature by counsel for all Parties.

This 4th day of September, 2009.

_____
**JACK T. CAMP**
United States District Judge

CONSENTED TO BY:

/s/ *Josh Capilouto*
Andrew Y. Coffman
Georgia Bar No. 173115
Josh Capilouto
Georgia Bar No. 778707
PARKS, CHESIN & WALBERT, P.C.
75 Fourteenth Street, Ste. 2600
Atlanta, GA 30309
T: 404-873-8000
F: 404-873-8050
acoffman@pcwlawfirm.com
jcapilouto@pcwlawfirm.com
**Counsel for Plaintiffs**

/s/ *Benton J. Mathis*
Benton J. Mathis
Georgia Bar No. 477019
Kelly E. Morrison
Georgia Bar No. 558153
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960
bmathis@fmglaw.com
kmorrison@fmglaw.com
**Counsel for Defendants**

Exhibit "A-1"

## **NON-DISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I have read and am fully familiar with the terms of the Confidentiality Agreement and Stipulated Protective Order entered in <u>Leigh Schlumper v. Tim Lassetter, et al.</u>, Case No. 3:08-CV-021-JTC. I agree to comply with and be bound by the terms and conditions of that Order unless and until modified by further order of the Court. I further agree that at the conclusion of this Proceeding, I will return to the attorneys who retained me all copies of any Confidential documents, materials and information that I have been provided so that those materials may be returned in accordance with the terms of the Stipulated Protective Order. I consent to the jurisdiction of the Court in which the above-referenced action is currently pending for purposes of enforcing that Order.

Executed this _____ day of _____, 2009.

Signed: _____